Joasmene BACOURT; Sheila Clemenco, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73618.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 24, 2007.

Kim D. Pedersen, Esq., Law Offices of Rhoda W. Domingo, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Minick, Esq., Janice K. Redfern, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Lead petitioner Joasmene Bacourt, and her daughter, Sheila Clemenco, natives

fornia, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and citizens of Haiti, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen to reapply for asylum and withholding of removal and to apply for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), and we deny in part and grant in part the petition for review and remand for further proceedings.

The BIA did not abuse its discretion in denying Bacourt's motion to reopen to reapply for asylum and withholding of removal based on the agency's prior adverse credibility determination. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (holding that a motion to reopen must establish a prima facie case demonstrating "a reasonable likelihood that the statutory requirements for relief have been satisfied") (quoting *Matter of S–V–*, 22 I. & N. Dec. 1306, 1308 (BIA 2000) (en banc)).

The BIA did abuse its discretion in denying Bacourt's motion to reopen to apply for CAT protection because the BIA failed to consider whether Bacourt established a prima facie case for CAT relief apart from the agency's prior adverse credibility determination. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001) (reversing BIA denial of motion to reopen to apply for CAT relief based on agency's reliance on its prior adverse credibility determination and its failure to consider country conditions evidence); *cf. Almaghzar v. Gonzales*, 457 F.3d 915, 922–923 (9th Cir. 2006) (affirming CAT denial where the agency considered whether country reports establish that the petitioner would be tortured).

We reject Bacourt's contention that the BIA violated due process by relying on the agency's prior adverse credibility determination and disregarding evidence of country conditions. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge ... [a petitioner] must show error and substantial prejudice.").

Bacourt's request to hold this case in abeyance is denied because the BIA denied Bacourt's "Motion to Administratively Close Proceedings Due to Catastrophic Conditions in Haiti" on March 3, 2006.

Petitioners' counsel is reminded that unpublished dispositions filed before January 1, 2007, may not be cited to this court. See 9th Cir. R. 36–3(c).

**PETITION FOR REVIEW DENIED in part and GRANTED in part; REMANDED.**